# Third District Court of Appeal
## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1722
Lower Tribunal No. 24-12064-FC-04
_____

**William Villarreal,**
Appellant,

vs.

**Lissette Hernandez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Linda Melendez, Judge.

Kuehne Davis Law, P.A., and Benedict P. Kuehne and Michael T. Davis and Johan Dos Santos, for appellant.

Caleb E. Rios, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Khan v. Deutschman, 282 So. 3d 965, 966-69 (Fla. 1st DCA 2019) ("It is well established that a trial court has broad discretion to enter an injunction, and a decision based on that discretion will not be overturned absent a finding that the court abused that discretion.  It is the responsibility of the trial court to determine the credibility of the witnesses and to resolve the conflicts in evidence.  It is well-established that the appellate court does not re-weigh the evidence or the credibility of the witnesses. . . . Appellant continued to try to contact Appellee via several texts, a formal letter . . . and on at least one occasion, a phone call, none of which were responded to by Appellee.  On the contrary, during this time, Appellee attempted to stop Appellant from contacting her . . . .  Ultimately, Appellee contacted the police to assist her in having Appellant stop contacting her.  When this was not successful, Appellee finally filed for an injunction . . . . Stalking is when one willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another.  Harass means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose, and cyberstalking is harassing through electronic communication[.]  Substantial emotional distress is an objective standard, and whether a person experiences substantial emotional distress is determined by considering the

totality of the circumstances. . . . In this case, the trial judge found that the elements necessary to meet the statutory definition of stalking had been met. . . . [W]e find that the evidence is legally sufficient to support entry of the dating violence injunction based upon a finding of stalking.  We therefore affirm the circuit court's grant of the [] injunction . . . .") (internal quotation marks and citations omitted); Huch v. Marrs, 858 So. 2d 1202, 1204 (Fla. 3d DCA 2003) ("In the present case, Huch repeatedly showed up uninvited to Marrs' home [and contacted her on other platforms] . . . .  Huch knew that Marrs did not want him to contact her and yet, he used underhanded methods to gain access to her.  We find these activities show a continuing, ongoing act that caused emotional distress to Marrs and served no legitimate purpose. . . . We commend the trial court for recognizing the seriousness of Huch's actions and entering the injunction.").